EDWARD W. McGINNIS *et al.*, Appellants, *v.* HENRY SMYTHE, Respondent.

*Court of Appeals, February 9, 1886.*

*Brokers.* · *Waiver of demand for margin.*—Where, in an action to recovery balance of loss on a transaction, the plaintiffs, who were brokers, after a written demand for more margin, and an interview with defendant, claimed that defendant consented that they might purchase and close the contract, but the defendant claimed that he refused to assent to this proposition, and that he was given time to think the matter over, and the plaintiffs, on the same day and without further communication with defendant, closed the contract, and charged the loss to the defendant, it was a question for the jury to determine which version was the true one, and, by finding in favor of the defendant, they found his version to be true; it was a fair inference from defendant's evidence that the plaintiffs waived their peremptory demand for more margin, and they had no right immediately, and without any further notice to, or any further demand upon, defendant, to close the contract.

*John L. Logan*, for appellants.

*E. More*, for respondent.

EARL, J.—In October 1882, plaintiffs were grain brokers in the city of New York, and in that month, as such brokers, and as the agents of the defendant, and at his request, they sold for him, and on his account, and risk, 8,000 bushels of corn, at 70 15-16 per bushel, and contracted for him to deliver the same at any time during the year 1882, at the option of the seller, and, as such brokers and agents, they thenceforth held and carried the contract for the defendant, and on his account and risk. The sale was made and the contract was held and carried under and pursuant to an agreement made between the parties on or about the 14th day of October, 1882, whereby it was provided that, in con-

sideration of the plaintiffs' making the sale at the price above
named, and holding and carrying the contract, the defend-
ant would pay to them a commission of one-quarter of a
cent on each bushel of the corn, and would, from time to
time, when required so to do by them, deposit with them
sufficient moneys as margin, for their protection against loss
in the transaction.   Pursuant to the agreement, the defend-
ant deposited with plaintiffs, in the months of October and
November, 1882, two sums, amounting to $600, as margin,
for the protection of the plaintiffs against loss in the trans-
action.   Subsequently, by reason of the advance beyond the
sum of 70 15-16 cents per bushel in the market price of corn,
the margin so deposited became and was insufficient for the
protection of the plaintiffs, and they were then wholly un-
protected against loss in the transaction.   On the 22d of
November corn had advanced to about 85½ cents per bushel,
and on that day plaintiff sent to the defendant this letter :
" Please send us check for $550 margin, on open deal
through us in Chicago."   On the same day the defendant,
writing to one of the plaintiffs, acknowledged the receipt of
the letter, and said :

" I take the liberty of addressing you personally, as you
have some knowledge of me.   I sold a boat load of corn,
year delivery, and paid $400 margin.   I then paid $200
more.   You ask me for $550 more.   This I cannot spare
from my business at present ; but if agreeable, will give you
my note for $600, feeling that the present advance is only
caused by the November shorts, and that with the heavy
arrivals of corn I will be able to buy in my short, and save
much, if not all, of my advances.   This is the best I can do
at present, and trust it will be acceptable to you."

On the next day, the 23d, the defendant called at plaint-
iffs' office, and had an interview with the senior member of
the firm.   On the trial he testified that in that interview the
defendant requested him to buy the grain and cover the con-
tract ; and thereafter, on that day, the plantiff did buy the

grain and cover the contract at 85½ cents. There was thus a loss upon the transaction of $1,185, and after applying the $600 deposited by the defendant as margin, there was left a balance of $585, and the plaintiffs brought this action to recover that sum.

Upon the evidence as given on the part of the plaintiffs, they were entitled to recover; but the defendant, testifying to the same interview of the 23d of November, denied that he assented to the purchase of the corn and the closing of the contract. He gives this account of the interview:

"Mr. McGinnis told me he thought it was better for me to buy in that boat load of corn. He says, 'Mr. Smythe, there is a very, very uncertain state of affairs here. They may drive it up to a dollar a bushel. There is a syndicate hold of it, and they may drive it up. If you take my advice, you will buy that boat load in.' It was given in the most friendly spirit to me. I said: 'Mr. McGinnis, I have risked so much money—I am out $600. I am ready to put $600 more up and take my chances, but I am thoroughly convinced before December is past, or before it happens, we will have a tumble in corn.' He said: 'It may or may not. I advise you to do it.' I said: 'Mr. McGinnis, I appreciate your advice, but I don't feel inclined to spare the money from my business.' He said: 'I advise you to do it. Let us help you buy it. We will take whatever ready money you can give, and we will take your note for a short date for the balance.' I said: 'Mr. McGinnis, I will think it over;' and I went out, and I never saw Mr. McGinnis after that date until yesterday."

After this interview, on the same day, without any further communication with the defendant, the plaintiffs purchased the corn, and closed the contract, and charged the loss to the defendant.

It was a question of fact for the jury to determine whether the version of that interview given by McGinnis, or that given by the defendant, was the true one; and they found

in favor of the defendant, and, as we must assume, found his version to be true. It is a fair inference from the evidence of the defendant that the plaintiffs waived the peremptory demand they had made upon him the day before for more margin, and that they were willing that he should take more time to consider what he would do. The jury may have found that, when he declined their advice that he should buy in the grain and cover the contract, they did not inform him that they should insist upon doing it; but that they listened to his suggestions, and assented to his proposition to think the matter over. After such an interview, they had no right immediately, and without any further notice to the defendant, or any futher demand upon him, to close the contract. It follows from the views we have expressed that the requests to charge made by the plaintiffs to the court were properly refused.

No question was made at the trial as to the proof or measure of damages, and therefore, as to that, there is nothing for us to review.

The judgment should be affirmed.

All concur, except RUGER, Ch. J., dissenting, and RAPALLO, J., not voting.